IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JASON SPURGEON** | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CA No.: 4:17-cv-01054 |
| | § | |
| **J.B. POINDEXTER & CO., INC.** | § | Jury Demanded |
| | § | |
| Defendant | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Jason Spurgeon ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendant and shows as follows:

1. **Nature of Suit.**

   1.1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

   1.2. Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an exempt employee, and as a result, Defendant failed to pay Plaintiff at time and one half his regular rate of pay for hours worked in a workweek in excess of 40.

2. **Parties.**

   2.1. Plaintiff is a resident of Texas and this District. Plaintiff is an individual who was employed by Defendant within the meaning of the FLSA within the two-year period preceding the filing of this Complaint. Plaintiff's written consent to become a party plaintiff is attached as Exhibit "A."

   2.2. Defendant is a foreign corporation, registered to do business under the laws of Texas, whose office address is 1100 Louisiana, Suite 5400, Houston, TX 77002. Defendant may be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 600 Travis, Suite 200, Houston, TX 77002.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this District and division because Defendant is a resident of the State of Texas and has sufficient contact in this District to subject it to personal jurisdiction. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

   4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

   4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff worked with and on equipment that traveled in interstate commerce, namely computer and computer-related equipment. Plaintiff used the interstate telecommunications systems to perform his duties.

4.5. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206 - 207.

5. **Factual Allegations**

    5.1. Plaintiff worked for Defendant at its Houston, Texas location as a member of the Defendant's information technology support staff. Plaintiff was a help desk technician.

    5.2. Plaintiff was employed by Defendant from approximately July 6, 2015 through February 2, 2017.

    5.3. During the time period, Plaintiff's job responsibilities consisted of addressing, as directed by Defendant, the maintenance desktop computers.

Plaintiff's Original Complaint
Page | 3

5.4. Plaintiff's primary job duties consisted of IT desktop support as well as help desk support. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performs are routine and do not require the exercise of independent judgment or discretion.

5.5. IT desktop support and help desk support employees must be paid overtime. See, Department of Labor opinion letter FLSA 2006-42 attached as Exhibit B.

5.6. At all times during his employment, Plaintiff was treated as an exempt employee for purposes of the FLSA, was paid a salary for his work, and was not paid time and one-half his regular rate of pay for hours worked in excess of 40 hours in a work week.

5.7. Plaintiff was scheduled to work at least 45 hours a week and did so in each week he was employed by Defendant. Plaintiff's normal work schedule was 7:30 am to 5:30 pm with an hour off for lunch, five days a week.

5.8. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

5.9. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees. 29 U.S.C. § 211 (c).

5.10. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee of its services.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

    6.1. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2. During the relevant period, Defendant violated the FLSA by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating Plaintiff for his work in excess of forty hours per week at rates no less than one-and-a- half times the regular rates for which he was employed.

6.3. Defendant did not act in good faith and/or have reasonable grounds for a belief that its actions did not violate the FLSA nor did it act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Jury Demand.**

    7.1. Plaintiff demands a trial by jury herein.

8. **Relief Sought.**

    8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from Defendant, the following:

    8.1.1. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times his regular rate;

    8.1.2. All unpaid wages and overtime compensation;

    8.1.3. An award of liquidated damages as a result of the Defendant's failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

    8.1.4. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

8.1.5. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

8.1.6. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: __/s/ *Chris R. Miltenberger*__
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**